**THE COUNTERS FIRM, P.C.**
Representation you can count on.

Lisa Counters, SBN 016436
The Counters Firm, P.C.
4809 E. Thistle Landing Drive, Suite 100
Phoenix, Arizona 85044
Lisa@countersfirm.com
Voice: (602) 490-0030
Fax: (888) 683-8397
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lavon Williamson,<br><br>                        Plaintiff,<br><br>vs.<br><br>Life Insurance Company of North America, a foreign insurer,<br><br>                        Defendant. | Case No. :2:15-cv-01275<br><br>**FIRST AMENDED COMPLAINT** |

For his claim against Defendants, Lavon Williamson ("Williamson") alleges as follows:

## **PARTIES**

1. Williamson is a resident of Seminole County, Georgia.

2. Defendant Life Insurance Company of North America ("LINA") is an insurance company with its principle place of business in Pennsylvania. LINA is authorized to do business in Maricopa County, Arizona.

3. LINA issued Group Policy no. FLK-9601035 ("Policy") to First Command Financial Planning, Inc. ("First Command") for the benefit of its employees. The Policy offered long term disability ("LTD") benefits to First Command employees, independent contractors, and financial service representatives.

4. LINA is the claim administrator and is also a Plan Fiduciary as defined by ERISA, 29 U.S.C. § 1002(21)(A).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over LINA by virtue of the provisions of ERISA 29 U.S.C. § 1132.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), and 28 U.S.C. § 1331 (federal question).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974.

## FACTUAL BACKGROUND

8. LINA issued the Policy to First Command on January 1, 2008.

9. Williamson was employed as a District Advisor with First Command from February 1999 to February 2009, and his annual earnings were in excess of $500,000.

10. The Policy provides LTD benefits to Williamson for 24 months if, solely because of injury or sickness, he is: (1) unable to perform the material duties of his regular occupation; and (2) unable to earn 80% or more of his indexed earnings from working in his regular occupation.

11. After the initial 24-month period, the Policy provides disability benefits to Williamson if, solely because of injury or sickness, he is: (1) unable to perform the material duties of any occupation for which he is, or may reasonably become, qualified for based on education, training or experience; and (2) unable to earn 60% or more of his indexed earnings.

12. Therefore, under the terms of the Policy, Williamson is entitled to a maximum monthly benefit of $10,000 per month.

13. Williamson has performed all obligations required of him under the Policy, and the Policy was effective and in force at all relevant times.

14. On May 20, 2009, Williamson submitted a claim for LTD benefits, noting his last day worked as February 20, 2009.

15. Williamson reported that he was unable to work due to migraine headaches, and neck, shoulder, and arm pain. Williamson noted that he experienced 2-3 migraine headaches per week.

16. On June 30, 2009, LINA denied Williamson's claim for disability benefits. LINA advised that "the medical records reviewed do not provide documentation of [his] inability to perform sedentary level work activities." LINA further advised Williamson that his medical records did not:

> . . . provide any measurable evidence of any functional physical or cognitive limitations such as weakness, loss in motion, measurable imbalance, or abnormal mental status exams which provide support that restrictions indicated by the treating physician. There are no observable pain behaviors documented in the medical records.

17. Following LINA's denial, Williamson filed suit in the District Court of Nevada, case no. 2:10-cn-00499-KJD-RJJ, to recover his benefits. Shortly thereafter, LINA began paying LTD benefits to Williamson.

18. LINA paid LTD benefits to Williamson from in or around July of 2010 and terminated them again on October 10, 2014.

19. LINA denied Williamson's LTD benefits because his "restrictions [were] not supported based on his current medical conditions," and that Williamson's "inability to earn 60% or [sic] Mr. Williamson's pre-disability earnings would not be due to Injury or Sickness as defined by the Policy."

20. On February 16, 2015, Williamson appealed LINA's denial.

21. On February 25, 2015, LINA confirmed receipt of Williamson's appeal.

22. On March 6, 2015, LINA informed Williamson that it required a 45-day extension for further review of his appeal, stating that "[t]o properly evaluate your appeal, we must review the medical information that is contained in your file. As such, we will be referring your filed for a medical review."

23. On March 24, 2015, LINA informed Williamson that it required an additional 45-day extension for its review and stated that Williamson's file had been referred for a medical review.

24. On April 7, 2015, LINA requested another 45-day extension to decide on Williamson's appeal, stating that it had yet to receive the completed medical review.

25. On April 21, 2015, LINA again informed Williamson that it required a 45-day extension to review his appeal and reported that it had yet to receive the completed medical review.

26. On May 7, 2015, LINA requested another 45-day extension, stating that, although the medical review had been received, Williamson's file had been referred to a Vocational Rehabilitation Counselor for review.

27. LINA is entitled to 45 days to make a decision, plus one 45-day extension, for a total of 90 days to review Williamson's appeal.  C.F.R. § 2560.503-1(h)(i)(3),

28. LINA has requested five extensions and its review period has exceeded 90 days since its receipt of Williamson's appeal on February 25, 2015.  LINA would have only had until May 26, 2015 to render a timely decision.

29. The Policy does not unambiguously confer discretion upon LINA to review insurance claims or to interpret the provisions of the Policy.

30. Even if the Policy did confer discretion upon LINA, de novo review is appropriate because LINA failed to exercise its discretion and Williamson's claim is deemed exhausted.

## COUNT I
## FAILURE TO PAY PLAN BENEFITS

31. Williamson incorporates and re-alleges all previous allegations.

32. Williamson's benefits are defined by the information contained in the Policy.

33. Williamson became disabled in 2009, continues to be disabled, and is unable to perform the duties of his occupation or any gainful employment.

34. Despite the coverage of Williamson's long-term disability, LINA has improperly denied him LTD benefits in breach of the Policy. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

35. Pursuant to the coverage provided in the Policy, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Williamson is entitled to recover all benefits due under the terms of the Policy, and to enforce his rights under its terms. Williamson is further entitled, pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the Policy.

36. Pursuant to 29 U.S.C. § 1132(g), Williamson is entitled to recover his attorneys' fees and costs incurred herein from LINA.

37. Williamson is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled under A.R.S. § 20-462.

WHEREFORE, Williamson prays for entry of judgment against Defendant as follows:

A. For all past and future benefits due to Williamson under the terms of the Policy;

B. Enforcing Williamson's rights under the terms of the Policy;

C. Clarifying and determining Williamson's rights to future benefits under the terms of the Policy;

D. For an award of Williamson's attorneys' fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such other and further relief as the Court deems just and reasonable.

1  Dated this 9th day of August 2015.

   THE COUNTERS FIRM, P.C


   By: /s  Lisa J. Counters
       Lisa Counters